ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| GILDA N. IRRIZARRY CARLO<br><br>Recurridos<br><br>v.<br><br>CLEAN HARBORS CARIBE, INC.<br><br>Peticionario | KLCE202301474 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso número: BY2022CV01840<br><br>Sobre: ALEGADO DESPIDO INJUSTIFICADO, PRÁCTICA ILEGAL BAJO ART. 5(b) Ley 180-1998, Procedimiento Sumario al amparo de la Ley 2 de 17 de octubre de 1961 |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

# R E S O L U C I Ó N

En San Juan, Puerto Rico, a 29 de febrero de 2024.

Comparece Clean Harbors Caribe, Inc. (CHC o la peticionaria) mediante *Recurso de Certiorari* presentado el 28 de diciembre de 2023, en una reclamación por despido injustificado instada en su contra ante el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario), por Gilda N. Irizarry Carlo, (señora Irizarry Carlo, o la recurrida), al amparo del procedimiento sumario que provee la Ley Núm. 2 de 17 de octubre de 1961 (32 LPRA sec 3118 *et seq.*). En el contexto del pleito laboral presentado ante el TPI por la recurrida bajo el procedimiento sumario provisto por la Ley Núm. 2, *supra,* CHC recurre ante nos de la *Resolución* emitida el 17 de diciembre de 2023, por el foro primario, notificada al día siguiente, que declaró *No Ha Lugar* la *Solicitud de Sentencia Sumaria* presentada por la peticionaria.

Por los fundamentos que pasamos a exponer *denegamos* la expedición del auto de *certiorari* presentado por CHC.

## I.

El trámite procesal del caso de epígrafe comenzó el 11 de abril de 2022, con la *Querella* por despido injustificado, presentada por la señora Irizarry Carlo en contra de CHC, al amparo de la *Ley de Despido Injustificado*, Ley Núm. 80 de 30 de mayo de 1976 (29 LPRA sec. 185a *et seq*.), según enmendada por el Artículo 3.18 de la *Ley de Transformación y Flexibilidad Laboral,* Ley Núm. 4 de 26 de enero de 2017 (29 LPRA sec. 121 *et seq*.) y mediante el procedimiento sumario que provee la Ley Núm. 2, *supra.* [1] En síntesis, la recurrida alegó en la *Querella* que el 7 de abril de 2022, fue despedida por CHC con el propósito de sustituirla, sin respetar el principio de antigüedad.

En respuesta, el 25 de abril de 2022, CHC presentó una *Contestación a Querella.*[2] En lo pertinente, CHC sostuvo que el despido de la recurrida fue por justa causa.

Tras varios trámites procesales, el 18 de agosto de 2023, CHC presentó una *Solicitud de Sentencia Sumaria* a la que anejó prueba documental.[3] En síntesis, CHC sostuvo que la recurrida no fue despedida sin justa causa, sino que su puesto de trabajo fue eliminado como parte de una reorganización *bona fide* de los negocios de CHC, razón contemplada por la Ley Núm. 80, *supra*, como constitutiva de justa causa para el despido.

El 11 de octubre de 2023, la señora Irizarry Carlo presentó *Oposición a Solicitud de Sentencia Sumaria* a la que anejó una Declaración Jurada prestada por esta.[4]

---

[1] *Véase* páginas 12-16 del Apéndice del *Recurso de Certiorari.*
[2] *Véase* páginas 17-24 del Apéndice del *Recurso de Certiorari.*
[3] *Véase* páginas 27- 41 del Apéndice del *Recurso de Certiorari.*
[4] *Véase* páginas 125-147 del Apéndice del *Recurso de Certiorari.*

Mediante *Resolución* emitida el 17 de diciembre de 2023, notificada al día siguiente, el foro primario declaró *No Ha Lugar* la *Solicitud de Sentencia Sumaria* presentada por CHC. Concluyó el TPI que existían hechos en controversia que impedían la adjudicación del caso mediante el mecanismo procesal de sentencia sumaria. Entre los hechos que el foro primario encontró controvertidos está si el motivo del despido de la señora Irizarry fue por reducción de personal de CHC, si esta era necesaria y si las métricas de la peticionaria eran correctas según el tiempo que ocupó la señora Irizarry Carlo en el puesto.

Inconforme, CHC presentó el recurso de epígrafe y señala la comisión de los siguientes errores por parte del foro primario:

> **ERRÓ EL TPI AL NO CONCEDER LA SOLICITUD DE SENTENCIA SUMARIA CONCLUYENDO QUE A PARTIR DE LA PRUEBA PRESENTADA AÚN NO ESTABA EN POSICIÓN DE RESOLVER A FAVOR DE NINGUNA PARTE, A PESAR DE EXISTIR SUFICIENTE PRUEBA PARA DEMOSTRAR LA LEGALIDAD DEL DESPIDO.**
>
> **ERRÓ EL TPI AL NO DAR POR ADMITIDA LA SOLICITUD DE SENTENCIA SUMARIA SIN OPOSICIÓN AL HABERSE PRESENTADO LA OPOSICIÓN DE FORMA TARDÍA Y AL AMPARO DE UN AFFIDAVIT ESTEREOTIPADO.**

En respuesta, el 9 de enero de 2024, la señora Irizarry Carlo presentó una *Moción de Desestimación bajo la R. 83 (B)(1) del Reglamento*. En esencia, la recurrida arguye que atender el *Recurso de Certiorari* presentado por CHC, para revisar la resolución interlocutoria recurrida, desvirtuaría el carácter sumario del procedimiento laboral instado por la recurrida al amparo de la Ley Núm. 2 *supra.* Destaca, además, la señora Irizarry Carlo que la peticionaria tampoco presentó ante el TPI petición alguna para la conversión del procedimiento a uno de carácter ordinario.

El 29 de enero de 2024, la peticionaria compareció ante nos mediante una *Oposición a Moción de Desestimación bajo la Regla*

*83(B)(1) del Reglamento.* En ajustada síntesis, la peticionaria sostiene que la intervención inmediata del tribunal en esta etapa para revisar la *Resolución* recurrida y declarar con lugar la solicitud de sentencia sumaria presentada ante el TPI y denegada por dicho foro, dispondría del caso en su totalidad de forma definitiva. Razona CHC que, a pesar de tratarse de un procedimiento sumario, bajo la Ley Núm. 2, *supra,* el cual no cuestiona, la etapa procesal en la que se encuentra el caso es idónea para atender la solicitud de sentencia sumaria.

**II.**

A.

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, 212 DPR ___ (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León Corp. v. AIG*, 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León Corp. v. AIG, supra.* No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari.* Véase, *Scotiabank of PR v. ZAF Corp.,* 202 DPR 478, 486-

487 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311, 322 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. *Torres González v. Zaragoza Meléndez, supra*. En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra*, pág. 918.

**III.**

Es la contención de la peticionaria en el caso que nos ocupa que, al emitir la *Resolución* recurrida que declaró *No Ha Lugar* su solicitud de sentencia sumaria, el foro primario incidió toda vez que hay ausencia de hechos materiales en controversia.

Luego de examinar el dictamen recurrido, concluimos que no está presente excepción alguna a la norma jurisprudencial y reglamentaria discutida, en torno a la expedición del auto de *certiorari*. Es decir, en el caso de epígrafe no encontramos indicio de que el foro primario actuó con prejuicio, parcialidad o error craso y manifiesto al emitir su dictamen y la etapa del procedimiento en que se presenta el caso no es la más propicia para su consideración. Además, no encontramos indicio de que el TPI haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción, o cometido algún error de derecho. *Pueblo v. Rivera Santiago, supra*; *S.L.G. Flores, Jiménez v. Colberg, supra*. Véase, además, *Trans-Oceanic Life Ins. V. Oracle Corp*, 184 DPR 689, 709 (2012).

En el caso ante nos, el foro primario evaluó la *Solicitud de Sentencia Sumaria* presentada por CHC y la declaró *No Ha Lugar* por entender que existían hechos materiales en controversia que impedían la adjudicación sumaria del caso. Con tal proceder, el foro primario actuó dentro de su discreción y conforme a derecho. Así, no debemos perder de perspectiva que, el foro primario tiene amplia facultad para disponer de los procedimientos ante su consideración de forma que se pueda asegurar la más eficiente administración de la justicia. *Vives Vázquez v. E.L.A.*, 142 DPR 117 (1996).

En fin, conforme a la Regla 52.1 de Procedimiento Civil, *supra*, y evaluados los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos denegar el *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo.

**IV.**

Por los fundamentos antes expuestos, *denegamos* la expedición del auto de *certiorari* solicitado por CHC. Se devuelve el caso al TPI para la continuación de los procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones